■ ADRIENNE SHIELDS, Respondent, v LAWRENCE W. SHIELDS et al., Appellants.—In an action, inter alia, to set aside an allegedly fraudulent conveyance of real property, the defendants Lawrence W. Shields and Gail Shields separately appeal, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Becker, J.), entered July 27, 1987, as, inter alia, granted the plaintiff's motion for summary judgment.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable by the defendants appearing separately and filing separate briefs.

At the time of their divorce, the defendant Dr. Lawrence Shields agreed to purchase the interest of the defendant Gail Shields, an attorney, in the former marital residence for $77,500. Lawrence subsequently married the plaintiff who made him a loan of $30,000 to be applied to the purchase price of the former marital residence. On March 21, 1981, Gail purportedly conveyed her interest in the property to Lawrence. However, the deed vesting title to the property in Lawrence alone, was not recorded.

The plaintiff and Lawrence separated in early 1982. Shortly thereafter they attempted a reconciliation and executed a reconciliation agreement on or about November 1, 1982. Pursuant to the reconciliation agreement, Lawrence promised to

convey the subject property to the plaintiff. Instead, on April 26, 1983, Lawrence and Gail executed a deed conveying the property to Gail and a friend, David Weicholz, as trustee for Gail and Lawrence's children.

In August of 1983 the plaintiff commenced this action, *inter alia,* to set aside the 1983 conveyance alleging that it violated the reconciliation agreement. We agree with the Supreme Court that it is clear from the record that the conveyance of April 26, 1983, was made to circumvent the provisions of the reconciliation agreement and was therefore fraudulent within the meaning of of the Debtor and Creditor Law article 10 *(see, Marine Midland Bank v Murkoff,* 120 AD2d 122; *Enthoven v Enthoven,* 167 Misc 686, *affd* 256 App Div 813). Neither Gail nor Weicholz acquired the property in good faith nor for valuable consideration (Real Property Law § 294 [3]). The reconciliation agreement, on the other hand, was supported by valuable consideration, was not fraudulent, and did not impede or hinder the rights of Lawrence's first wife who failed to substantiate her claim that she was a creditor under the Debtor and Creditor Law. Moreover, it is clear from the record that Lawrence abandoned his divorce action against the plaintiff at the time he entered into the reconciliation agreement which he executed at an attorney's office. Therefore, the purported failure to contact Lawrence's attorney of record in the divorce action was not fatal to the enforcement of the reconciliation agreement *(cf., Spungin v Spungin,* 124 AD2d 690; *Moustakas v Bouloukos,* 112 AD2d 981).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.